ADAM GORDON
United States Attorney
SEAN YI
Assistant U.S. Attorney
California Bar No. 334772
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7921

FILED
APR 30 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Attorneys for Plaintiff
United States of America

United States District Court

Southern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDUARDO CRUZ GARCIA,<br>Defendant. | Case No. '26 CR1625-DDL<br>26MJ2081<br>**Plea Agreement** |

It is hereby agreed between the plaintiff, the United States of America, through its counsel, Adam Gordon, United States Attorney, and Sean Yi, Assistant United States Attorney, and Defendant, Eduardo Cruz Garcia, with the advice and consent of Brian P. Funk, counsel for Defendant, as follows:

**I**

**The Plea**

*A. The Charge.* Defendant is pleading guilty to the Class B misdemeanor charge of improper entry by an alien, in violation of 8 U.S.C. § 1325(a)(1), as alleged in the Information. The government agrees to move to dismiss any remaining charges without prejudice when Defendant is sentenced.

//

B. *Elements Explained.* The offense to which Defendant is pleading guilty has the following elements:

1. Defendant was an alien at the time of Defendant's entry into the United States.

2. Defendant knowingly and voluntarily entered the United States free from official restraint at a time or place other than as designated by immigration officers.

C. *Factual Basis—Elements Understood and Admitted.* Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. At the time of the offense, Defendant was not a citizen or national of the United States. Defendant is a citizen of Mexico.

2. On, about, or between December 1 and 31, 2025, within the Southern District of California, Defendant, an alien, knowingly and voluntarily entered the United States from Mexico at a place other than a designated port of entry and was found on April 10, 2026, during a vehicle stop at the intersection of Ash Street and Home Avenue in San Diego, California.

3. At the moment Defendant crossed into the United States, Defendant was not under official restraint; that is, Defendant was not observed or detected by government authorities and was able to move freely within the United States.

D. *Maximum Penalties.* The crime to which Defendant is pleading guilty carries the following penalties:

a. A maximum 6 months in custody.

b. A maximum $5,000 fine.

c. A mandatory special assessment of $10 per count.

d. A term of probation of up to 5 years. Failure to comply with any of the conditions of probation could result in revocation of probation, which could result in Defendant serving in prison all or part of the statutory maximum sentence for the offense that resulted in such term of probation.

## II

## Parties' Sentencing Recommendations

The parties will jointly recommend that Defendant be sentenced to one year of probation. The parties agree to immediate sentencing without a presentence investigation report. Defendant understands that the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Additionally, the parties agree that, because the offense to which Defendant is pleading guilty is a Class B misdemeanor, the United States Sentencing Guidelines do not apply. This plea agreement is made in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation made by the government at sentencing is not binding on the Court.

## III

## Waiver of Appeal and Collateral Attack

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the government may support on appeal the sentence actually imposed.

//

//

//

//



Def. Initials E, C, G

______CR________

## IV

## Waiver of Trial Rights and Understanding of Consequences

This guilty plea waives Defendant's right at trial to:

a. Continue to plead not guilty and require the government to prove the elements of the crime beyond a reasonable doubt.

b. A speedy and public trial.

c. The assistance of counsel at all stages of trial.

d. Confront and cross-examine adverse witnesses.

e. Testify and present evidence and to have witnesses testify on behalf of Defendant.

f. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that, because Defendant is not a citizen of the United States, Defendant's conviction in this case may have adverse immigration consequences, including Defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V

## Contents and Modification of Agreement

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing and signed by all parties.

## VI

## Defendant and Counsel Fully Understand Agreement

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//



Def. Initials E,C,G
______CR________

## VII

## Defendant Satisfied with Counsel

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

4/30/26
Dated

SEAN YI
Assistant U.S. Attorney

4-27-26
Dated

BRIAN P. FUNK
Defense Counsel

**In addition to the foregoing provisions to which I agree, I swear under penalty of perjury that the facts in the "factual basis" paragraph above are true.**

4-27-26
Dated

EDUARDO CRUZ GARCIA
Defendant

Approved by:

*/s/ Orlando Gutierrez*
ORLANDO GUTIERREZ
Assistant U.S. Attorney

*rev. 3/11/2026 def*



Def. Initials E.C.G
______CR______